[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Donald Dakers, Defense Counsel, for Petitioner
Robert O'Brien, Assistant State's Attorney for the State.
BY THE DIVISION:
In two separate but related files, after trial by jury, petitioner was convicted of the following: In Docket No. CR6-287024, he was convicted of Assault in the first degree in violation of Conn. Gen. Stat.53a-59 (1)(a) and sentenced a term of ten years execution suspended after five years with five years probation. In Docket No. CR6-287023 he was convicted of four counts of Criminal Attempt Assault in the first degree in violation of Conn. Gen. Stat. 53a-49; 53a-59(1)(a). Concurrent sentences of twenty years execution suspended after ten years were imposed. Such sentences were to be served consecutive to the previously imposed sentence. On the same file, petitioner was convicted of Assault on a Police Officer in violation of Conn. Gen. Stat. 53a-167 (a)(1) and sentenced to a term of five years concurrent with the previous sentence but consecutive to the first sentence.
On separate charge of violation of probation, petitioner was given concurrent time.
The net effective sentence imposed on all counts was thirty years, execution suspended after fifteen years with five years probation which included special conditions.
The convictions in these cases were based upon evidence that petitioner, a twenty year old young man, struck a young woman in the face with a beer bottle, causing serious injury. The injuries included the loss of teeth and fractures to two bones in the woman's face. Evidence in the second file showed that petitioner returned to the scene of the CT Page 1082 assault and fired more than three shots from a sawed-off shotgun at police officers. One of the officers was hit. Fortunately the injury was not serious.
At the hearing on this petition, counsel for the petitioner stressed the age of his client and indicated that although there were two separate incidents involved, concurrent sentences would have been more appropriate. Petitioner himself claimed to be innocent and that things would work out better for him if he was released.
The state's attorney pointed out that there was, in fact, two separate cases and that the sentencing judge properly took this into consideration.
Considering the seriousness of the charges, petitioner's previous convictions and the fact that he was on probation at the time of the offense it cannot be found that the sentences imposed were unduly harsh, disproportionate or unfair. The sentences were well under the maximum and should not be reduced.
Sentence Affirmed
Purtill, J. Barry, J. Norko, J.
Purtill, J., Barry, J. and Norko, J. participated in this decision.